UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5: 14-030-DCR |
| V. | ) |
| DURAN WOMBLES, | ) **MEMORANDUM ORDER** |
| Defendant. | ) |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Duran Wombles, proceeding by counsel, has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Record No. 288] He argues, *inter alia*, that acute asthma and residual liver scarring are "extraordinary and compelling reasons" that justify compassionate release in light of the COVID-19 outbreak. [*Id.* at pp. 6-7] He also asks, in the alternative, that the Court recommend that the Bureau of Prisons ("B.O.P") grant home confinement under the Coronavirus Aid, Relief, and Economic Security act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (March 27, 2020). [*Id.* at pp. 17-24] The Court will deny the motion as to both requests.

Title 28 of the United States Code, section 994(t), states that the United States Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Sentencing Commission has accordingly issued a relevant policy statement in United States Sentencing Guidelines Manual ("U.S.S.G.")

§ 1B1.13. The application notes to that policy statement prescribe four narrow categories of "extraordinary and compelling reasons" for § 3582(c)(1)(A) relief: "medical condition of the defendant," "age of the defendant," "family circumstances," or "other reasons . . . [a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1. A defendant may be able to obtain compassionate release under the "medical condition of the defendant" category in circumstances where:

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>> (I) suffering from a serious physical or medical condition,
>> (II) suffering from a serious functional or cognitive impairment, or
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n. 1(A).

Wombles' release request will be denied because he has not articulated any "extraordinary and compelling reasons" that could serve as grounds for compassionate release under § 3582(c)(1)(A)(i). Wombles argues that his asthma and liver scarring, in light of COVID-19, fit the "medical condition of the defendant" criteria. [Record No. 288, pp. 6-7] However, he does not allege or demonstrate that his conditions are presently terminal illnesses. And he does not allege or demonstrate that they currently "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." Further, he has not contracted coronavirus and admits that his place of incarceration, FCI

Ashland, has no confirmed cases. [*Id.* at p. 12] The Court is unpersuaded by the argument that Wombles' conditions meet the narrow requirements of § 1B1.13 n. 1(A).

Wombles also argues that, following the enactment of the First Step Act of 2018 ("the Act"), Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018), district courts are either: (a) no longer bound by § 1B1.13 n. 1's categories at all because the policy statement and its application notes have yet to be amended to reflect the Act's reforms; or (b) empowered to use the "other reasons" category to fashion their own justifications to grant compassionate release. [Record No. 288, pp. 7-9] This Court has routinely rejected similar arguments. *E.g.*, *United States v. Brummett*, No. 6: 07-103-DCR, 2020 WL 1492763, at *3 (E.D. Ky. March 27, 2020); *United States v. Washington*, No. 5: 13-020-DCR, 019 WL 6220984, at *1-2 (E.D. Ky. Nov. 21, 2019). Section 1B1.13 may not have been amended since Congress passed the Act,[1] but it remains in effect and continues to govern a compassionate release analysis. Therefore, the motion will be denied insofar as it seeks relief under § 3582(c)(1)(A)(i).

Additionally, the Court declines to make a CARES Act home confinement recommendation to the B.O.P. "[T]he CARES Act and the statute that generally provides for prerelease home confinement, 18 U.S.C. § 3624(c)(2), do not authorize district courts to grant such relief. The Bureau of Prisons holds the sole authority to grant home confinement requests." *United States v. Blankenship*, No. 7:15-cr-011-DCR-1, 2020 WL 2309245, at *2 (E.D. Ky. May 8, 2020) (citing *United States v. McCann*, No. 5: 13-52-KKC, 2020 WL

---

[1]   As the Court has noted previously, "the Sentencing Commission does not have the present ability to revise [§ 1B1.13]. Since the Act's passage, the United States Sentencing Commission has effectively maintained two voting Commissioners. Four affirmative votes are required to revise or add to the United States Sentencing Guidelines." *Washington*, 019 WL 6220984, at *2 n. 2.

1901089, at *3 (E.D. Ky. Apr. 17, 2020)). To be fair, Wombles does not explicitly ask that the Court grant relief under the CARES Act. Still, Congress has left home confinement determinations to the B.O.P., and a judicial recommendation of CARES Act relief is essentially an indirect way of nudging the B.O.P. in a direction preferable to the Court. This is perhaps best demonstrated by a case that Wombles cites, in which the district court required the B.O.P. to file a written explanation of its rationale if the agency decided to disregard its recommendation. *See United States v. Doshi*, No. 13-cr-20349, 2020 WL 1527186, at *2 (E.D. Mich. March 31, 2020).

In Wombles' case, the B.O.P. has already declined to grant him CARES Act relief, and a judicial recommendation would indirectly pressure the B.O.P. to reconsider its decision. [Record No. 288-7] Thus, the Court will decline to make a CARES Act recommendation. Instead, the Court trusts that the B.O.P. has complied with the guidance of Attorney General Barr and effectively evaluated Wombles' CARES Act home confinement request.

Accordingly, it is hereby

**ORDERED** that Defendant Duran Wombles' 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release or, in the alternative, a home confinement recommendation [Record No. 288] is **DENIED**.

Dated: June 19, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky